**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Punyakam PLLC, | No. CV-21-00385-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Cynosure LLC, | |
| Defendant. | |

This action arises from Plaintiff Punyakam, PLLC's purchase of a medical device manufactured by Defendant Cynosure, LLC. Plaintiff is a medical office in Arizona. (Doc. 14 at 2.) Defendant is a Massachusetts–based business. (Doc. 9 at 8.) As part of the purchase, Plaintiff signed a purchase agreement (the "Agreement"), page one of which advises, "[b]y signing below the Customer . . . accepts all terms and conditions as stated in this document (including the following page(s)). This Agreement is subject to Cynosure's terms and conditions of sale continued or referred to herein." (Doc. 15 at 3.) Plaintiff concedes it signed page one. (Doc. 14 at 8.) Page two of the Agreement contains a forum-selection clause that provides: "This Agreement shall be governed by and constructed under the substantive laws of the Commonwealth of Massachusetts. The Customer agrees to submit all disputes arising out of, or relating to, this Agreement to a court in Boston, Massachusetts." (Doc. 9 at 2-3.) Defendant now moves to transfer venue to the United States District Court for the District of Massachusetts pursuant 28 U.S.C. § 1404(a) and the forum-selection clause. (*Id.* at 1).

A valid forum-selection clause should "be given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (internal quotation marks and citation omitted). An exceptional case is one in which the party opposing application of a forum-selection clause makes "a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting M/S *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

Plaintiff principally argues that the forum-selection clause is not part of the parties' Agreement because Plaintiff only signed page one of the Agreement and never saw page two. (Doc. 14 at 8-9.) But "a contracting party agrees to terms and conditions in an extrinsic document if the agreement being executed clearly and unequivocally refers to the extrinsic document, the party consents to the incorporation by reference, and the terms of the incorporated document are 'known or easily available to the contracting parties.'" *Edwards v. Nutrition*, No. CV-17-02133-PHX-DGC, 2018 WL 637382, at *3 (D. Ariz. Jan. 31, 2018) (quoting *United Cal. Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 420 (Ariz. Ct. App. 1983)). Plaintiff signed the first page of the Agreement, which unequivocally refers to terms and conditions on "following page(s)." Plaintiff does not allege it inquired about other potential pages or made any meaningful attempt to attain them, nor does Plaintiff offer evidence that Defendant did anything to conceal page two of the Agreement. The forum-selection clause on page two therefore is part of the Agreement. *See Idearc Media, LLC v. Palmisano & Assocs., P.C.*, 929 F. Supp. 2d 939, 945 (D. Ariz. 2013) (rejecting argument that allegedly unseen and unread terms and conditions were not incorporated by reference where the contract clearly and unequivocally referred to them

and the party asserting invalidity made "no argument that the terms and conditions were not easily available to him").

Plaintiff next suggests that page two of the Agreement is a "fake document." (Doc. 14 at 8.) For support, Plaintiff relies on an affidavit from Chadwick Gammage in which he claims that he was a signatory to the Agreement and never saw a copy of page two. (Doc. 14-1.) This evidence is insufficient. That Chadwick Gammage did not see page two of the Agreement does not establish that the document was fabricated. Moreover, it is demonstrably false that Chadwick Gammage was a signatory to the Agreement. The Agreement was signed by Punya Raman Gammage. (Doc. 7-1.) Chadwick Gammage therefore has not shown that he has personal knowledge of the matters contained in his affidavit.

Lastly, Plaintiff asserts that it would be gravely difficult and inconvenient for it to litigate in Massachusetts. (Doc. 14 at 9.) But this is a conclusory statement unsupported by any evidence. Accordingly,

**IT IS ORDERED** that Defendant's motion to transfer venue (Doc. 9) is **GRANTED**. This matter shall be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and the Agreement's forum-selection clause.

Dated this 11th day of February, 2022.

Douglas L. Rayes
United States District Judge